IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WYATT C.,[1]                                     No. 2:17-cv-01283-HZ

            Plaintiff,              OPINION & ORDER

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

            Defendant.


Merrill Schneider
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Renata Gowie
Assistant United States Attorney
U.S. Attorney's Office
District of Oregon

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

1 - OPINION & ORDER

1000 SW Third Avenue, Suite 600
Portland, OR 97204
Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The Court finds that the Commissioner carried its step-five burden. Accordingly, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff was born on 1993 and was twenty-one years old on January 5, 2015, the alleged disability onset date. Tr. 16, 23.[2] Plaintiff has a high school education and past relevant work experience as a combat rifle crewman in the United States Army. Tr. 23–24. Plaintiff was medically discharged from the army in July 2015. Tr. 846.

Plaintiff's benefits application was denied initially on June 29, 2015, and upon reconsideration on August 4, 2015. Tr. 14. Three administrative hearings were held in 2016 before Administrative Law Judge ("ALJ") David Willis. Tr. 32–106. ALJ Willis issued a written decision on January 31, 2017, finding Plaintiff not disabled. Tr. 14–25. The Appeals Council declined review, rendering ALJ Willis's decision the Commissioner's final decision that Plaintiff now challenges in this Court. Tr. 1–6.

---

[2] Citations to "Tr." refer to the administrative trial record filed electronically here as ECF No. 9.

2 - OPINION & ORDER

# SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at

141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 16.

At step two, the ALJ determined that Plaintiff has the following severe impairments: "dysfunction of major joints; cerebral trauma; migraines; anxiety; and depression." *Id.*

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 17–18.

Before proceeding to step four, the ALJ determined that Plaintiff has the RFC to perform light work with certain exertional and non-exertional limitations. Tr. 18–19. In relevant part, the ALJ limited Plaintiff to "performing simple, routine and repetitive tasks, but not at a production pace (e.g. assembly line work)." Tr. 18.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 23.

At step five, the ALJ found that Plaintiff has the RFC to perform the requirements of jobs that exist in significant numbers in the national economy. Tr. 24–25. Specifically, that Plaintiff would be able to perform the requirements of representative occupations including: document preparer, microfilming; cutter and paster, press clippings; and addresser. Tr. 24. Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 25

//

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

DISCUSSION

Plaintiff challenges the ALJ's analysis at step five. Particularly, Plaintiff claims that the representative occupation of "document preparer, microfilming" requires Reasoning Level 3, which is inconsistent with Plaintiff's limitation to simple, routine, and repetitive tasks. Further, Plaintiff argues that the other two representative occupations do not exist in significant numbers because there are only approximately eleven-thousand such positions in the national economy.

The Dictionary of Occupational Titles ("DOT") states that a microfilming document preparer job carries a Reasoning Level of 3. *See* DOT, #249.587-018, *available at* https://occupationalinfo.org/24/249587018.html. The Ninth Circuit expressly recognized that there "there is an apparent conflict between the [RFC] to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). In this

case, the Vocational Expert ("VE") Sara Statz, testified at the administrative hearing that Plaintiff would be able to perform this occupation's requirements despite this apparent conflict. Tr. 46–47, 51–52. Plaintiff argues that the VE's explanation was insufficient to overcome the conflict between the DOT and Plaintiff's RFC.

The DOT is not the only source of information concerning jobs. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The Commissioner may take notice of other reliable job information including VE testimony. *Id.* "The DOT creates a rebuttable presumption as to the job classification. To deviate from the DOT classification, an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (quoting *Johnson*, 60 F.3d at 1435). If such a conflict exists, "the ALJ must then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

In this case, the Court finds that the ALJ did not err by relying on the VE's testimony to conclude that Plaintiff could perform the requirements of microfilm document preparer. The following exchange occurred at the administrative hearing between the ALJ and the VE:

> ALJ: Okay. Now the document preparer, microfilming, tell me about that job.
>
> VE: So that is a job that's really up and coming in the national economy as a lot of agencies, State, Federal and private are going to paperless systems. So they need someone to take all of their old files or current files and simply scan and catalog them.
>
> ALJ: Oh, okay. So we're not really talking about the old microfilming type work, it's just that's the type of work it is, is they're cataloging?
>
> VE: Yes.

> ALJ: And, again, that doesn't require a co-worker to do the job, just a short demonstration or up to 30 days to learn? It takes 30 days to learn to be a document preparer?
>
> VE: That's what the DOT says.
>
> ALJ: Okay.

Tr. 46–47.

Shortly thereafter, Plaintiff's attorney questioned the VE, asking whether Reasoning Level 3 was consistent with Plaintiff's limitation of simple, routine, and repetitive tasks with only simple decisions. Tr. 50–51. The VE replied that with the specific vocation preparation ("SVP") time of 2, the microfilming document preparer job would be very simple to learn. Tr. 51–52. Assuming that the occupation merely involved scanning documents as opposed to working with microfilm, Plaintiff's attorney also asked whether a document preparer would be required to "recognize what documents are and what they're processing." Tr. 52. The VE replied: "Basic titles and things of that nature, but that's something that would be trained in those first 30 days for work." *Id.* When the ALJ resumed questioning the VE, the following brief exchange occurred:

> ALJ: And, well, you covered it and you discussed it and I was tracking. Ms. Statz, you also answered – or did I ask you the consistency – yeah, I did ask you consistency with the DOT?
>
> VE: Yes.

*Id.*

The Court is persuaded that the VE provided a reasonable explanation and adequate basis for the ALJ to rely on her classification of microfilming document prepare over the DOT's classification. The VE explained that the "microfilming" requirement of the job was outdated and that the position merely required scanning documents. The ALJ relied on that testimony to

conclude that document preparer was consistent with Plaintiff's limitation to simple, routine, and repetitive work. When Plaintiff's attorney pressed the issue regarding the complexity of the job, the VE explained that a document preparer would learn about the types and titles of the documents in the first thirty days of training and that the steps of the job were simple to learn. Tr. 52. Further, the Court's decision is bolstered by the fact that the ALJ explicitly asked the VE whether her testimony was consistent with the DOT. *Massachi*, 486 F.3d at 1153–54. In sum, the VE explained that microfilming aspect of the occupation was antiquated and that the document prepare job involved a level of reasoning consistent with Plaintiff's limitations. Accordingly, the Court concludes that the ALJ's decision to rely on the VE's testimony was supported by substantial evidence in the record and was not in error.

Because the Court affirms the Commissioner's decision regarding the document preparer occupation—and that occupation exists in significant numbers nationally—it does not reach Plaintiff's second argument regarding whether the other two representative occupations exist in significant numbers. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this _22_ day of _Sept_, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge